UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Early McGee, | Case No. 2:20-cv-00334-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF No. 52** |
| Eurpac Services, Inc., *et al.*, | |
| Defendants. | |

Before the Court is Defendant Eurpac Services, Inc.'s Motion to Strike. ECF No. 52. Defendant United States of America filed a joinder at ECF No. 54. Plaintiff Early McGee opposed at ECF No. 55, and Defendants replied at ECF Nos. 56 and 57. The Court held a hearing on June 13, 2022. ECF No. 58. The parties filed supplemental briefing at ECF Nos. 59–62.

For the reasons discussed below, the Court declines to impose the extreme exclusion sanctions under Fed. R. Civ. P. 37(c)(1).[1] The Court will reopen discovery to cure any prejudice that Defendants may have suffered as a result of Plaintiff's untimely supplemental disclosures. *See Holen v. Jozic*, No. C17-1147JLR, 2018 WL 5761775, at \*2 (W.D. Wash. Nov. 2, 2018). ("District courts are given 'particularly wide latitude' in determining whether to issue sanctions, including the exclusion of evidence, under Rule 37(c)(1).") (quoting *Bess v. Cate*, 422 F. App'x 569, 571 (9th Cir. 2011)).

//

//

---

[1] Rule 37(c)(1) provides courts with the discretion to exclude improper Rule 26 disclosures that are not "substantially justified" or "harmless." But it also allows courts to impose additional or *alternate* sanctions:
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard, (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 37(c)(1).

## I. Background

This is an action arising out of a slip-and-fall accident at Nellis Air Force Base. ECF No. 32. Plaintiff filed suit in state court, alleging a cause of action for negligence. ECF No. 1-3. On February 14, 2020, Defendant Eurpac Services removed the action to this Court. ECF No. 1.

Plaintiff and Defendant Eurpac Services held a Fed. R. Civ. P. 26(f) conference on April 14, 2020. ECF No. 11. On April 24, 2020, the Court entered a Scheduling Order and set a discovery cutoff of August 12, 2020. ECF No. 12. It subsequently granted multiple requests to amend the Scheduling Order.[2] ECF Nos. 19, 21, 23, 26, 37, 45, and 51. In its most recent order, the Court ordered a discovery cutoff of July 18, 2022. ECF Nos. 47, 51.

On April 28, 2020, Plaintiff served her initial disclosures identifying "total special damages to date" as "$42,567.00 + TBD." ECF No. 52-1 at 5. On June 12, 2020, Defendant Eurpac Services obtained Plaintiff's HIPAA releases. ECF No. 15 at 11. On September 15, 2020, Plaintiff's doctor at Nevada Pain Care recommended that she undergo a spinal cord stimulator. ECF No. 52-7 at 6. On October 30, 2020, Plaintiff supplemented her initial disclosures to reflect new computation of damages.[3] ECF No. 52-2 at 5. However, this updated computation of damages did not specify future damages, including any costs related to the recommended spinal cord stimulator. *See id.*

Defendant USA appeared in this case on September 17, 2021. ECF No. 46. Defendant USA received Plaintiff's HIPAA releases on February 16, 2022. ECF No. 55 at 3. On May 3, 2022, Plaintiff supplemented her initial disclosures again. ECF No. 52-6. This time, the disclosures specified future damages relating to the recommended spinal cord stimulator. *Id*. at 10.

Defendants argue that they have been prejudiced by Plaintiff's failure to timely produce records regarding future damages and, as a result, the Court should strike "all of the documents

---

[2] Defendant Eurpac Services filed two requests for extensions whereas the parties stipulated to the remaining requests.
[3] Plaintiff's first supplemental disclosure stated that "total special damages to date are $53,873.00 + TBD[.]" ECF No. 52-2 at 5.

contained within Plaintiff's Second Supplemental Disclosure and any information contained within those documents that support Plaintiff's new Computation of Damages." ECF No. 52 at 7.

## II.   Legal Standard

### A.  Rule 26 Disclosures

Fed. R. Civ. P. 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The disclosures must include a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii). The damages computation enables the defendant to understand the contours of its liability exposure and, by extension, to make informed decisions regarding settlement. *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009).

"While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Cir., Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011). The disclosing party also has a duty to supplement incomplete or inaccurate disclosures "in a timely manner." Fed. R. Civ. P. 26(e). Whether a supplement is "timely" turns on whether the timing of the supplement is reasonable based on when the information was available to the plaintiff. *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017). Rule 26 provides for needed flexibility in supplementing the initial disclosure damages computation as the case progresses and circumstances evolve. *Id.* The party seeking to exclude damages as untimely disclosed bears the initial burden of establishing that the opposing party violated the disclosure requirements established in Rule 26. *Id.*

### B.  Rule 37(c)(1) Sanctions

When a disclosing party fails to disclose or supplement its Rule 26 disclosures, courts turn to Rule 37 to determine if sanctions are appropriate. Rule 37 provides in pertinent part:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) "gives teeth" to the requirements of Rule 26. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Generally, an exclusion sanction is "self-executing" and "automatic." Advisory Committee Notes to 1993 Amendments. Nonetheless, courts are entrusted with "particularly wide latitude" in exercising this discretion to impose sanctions under Rule 37(c)(1). *Yeti by Molly*, 259 F.3d at 1106.

In exercising that discretion, courts determine initially whether the failure to comply with the disclosure requirements was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of establishing that substantial justification or harmlessness exists. *Yeti by Molly*, 259 F.3d at 1107. Courts consider several factors to determine whether substantial justification and harmlessness exist: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

"Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless." *Jackson*, 278 F.R.D. at 594. Courts have identified various factors to determine whether to impose exclusion sanctions, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See id.* (citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)). Additionally, when an exclusion sanction under Rule 37(c)(1) is tantamount to dismissal of a claim, courts must also consider whether the disclosing party's non-compliance involved willfulness, fault, or bad faith. *R & R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

**III. Analysis**

    **A. Parties' Arguments**

According to Defendants, Plaintiff's untimely disclosure regarding her future damages, namely the spinal cord stimulator recommendation, has prejudiced them "in preparing their defense for trial and their retention of medical defense experts" because they do not "have enough

time to update [their] current defense experts and retain new medical defense experts to respond to this newly added—exponential—damage." ECF No. 52 at 9.

In its opposition, Plaintiff "agrees that it would have been better to disclose the possibility of a spinal cord stimulator earlier in the case." ECF No. 55 at 23. However, she adds that the delay was due to "inadvertence," and she has proposed solutions to Defendants (such as Plaintiff submitting to an independent medical examination and extending expert disclosure deadlines) to cure any prejudice they may have suffered. *Id*. at 23, 25. Finally, Plaintiff submits that should the Court finds her disclosures untimely and prejudicial to Defendants, there is time to cure the prejudice and exclusion sanctions are "too drastic." *Id*. at 26.

### B. The parties were not required to meet and confer.

As an initial matter, the Court addresses Plaintiff's argument that Defendants did not confer with her prior to bringing this motion to strike and, as a result, their motion should be denied. ECF No. 55 at 4–6.

"Rule 37 does not require the moving party to meet and confer with the opposing party prior to filing a motion for sanctions under Rule 37(b) or (c)." *Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-00369, 2010 WL 5248111, at *3 (D. Nev. Dec. 16, 2010). Defendant Eurpac Services filed this motion seeking sanctions under Rule 37(c)(1) and, thus, was not required to meet and confer with Plaintiff prior to filing its motion.

### C. Plaintiff's second supplemental disclosures were not timely.

The Court must first determine whether Plaintiff's second supplemental disclosures were timely considering when the information was made available to her. *American Gen. Life Ins. Co*, 2016 WL 1611585, at *2. It is clear that Plaintiff's second supplemental disclosures were not timely. Plaintiff's doctors recommended the spinal cord stimulator in September 2020, yet she did not disclose this information to Defendants until May 2022.

### D. Although Plaintiff's untimely disclosures were not substantially justified, the delay is harmless in that the Court can re-open discovery to cure any prejudice that Defendants suffered.

The Court must next determine whether Plaintiff has established that this delay is

1  substantially justified or harmless.

2        The Court does not find Plaintiff has met her burden in showing that her untimely disclosures were substantially justified. Plaintiff contends that she supplemented her disclosures to reflect future damages once she began "seriously considering" the spinal cord stimulator. ECF No. 55 at 21. However, even if the Court were to accept this argument,[4] Rule 26 disclosure rules are not contingent upon such reasoning. Additionally, any delays caused by COVID-19 and Plaintiff's difficulties in retaining counsel in light of various law closures and dissolutions also do not substantially justify the untimely disclosures.

      However, the Court agrees with Plaintiff and finds, in its discretion, the delay harmless. *See Lanard Toys Ltd.,* 375 F. App'x at 713. The untimely disclosures could prejudice Defendants in terms of which medical experts to retain. However, there is time to cure this prejudice.[5] First, no trial date has been set in this case.[6] At the same time, no dispositive motions have been filed. Second, Plaintiff's supplemental disclosures were provided during the discovery period and before initial expert disclosures were due. *See* ECF Nos. 47, 51 (ordering initial expert disclosure deadline of May 21, 2022 and a discovery cut-off date of July 18, 2022). In this same vein, although Defendants did not know of the spinal cord stimulator recommendation, they were on notice that Plaintiff's treatment was ongoing.[7] Furthermore, the Court does not find that Plaintiff acted with bad faith or willfulness or, as Defendants argue, in an attempt to "ambush" them.

---

[4] The Court takes note of the September 15, 2020 Nevada Pain Care records. ECF No. 52-7. According to these records, Plaintiff "expresse[d] interest" in undergoing a spinal cord stimulator but "prefer[ed] to proceed with obtaining updated imaging and epidural steroid injections prior to making a final decision." *Id*. at 6.

[5] Defendants represent that the prejudice they have suffered is a result of not having "enough time" to update their expert disclosures. *See, e.g.,* ECF No. 52 at 9 ("Eurpac simply does not have enough time to update its current defense experts and retain new medical defense experts to respond to this newly added – exponential – damage."); 12 ("Now, Eurpac is prejudiced in having to quickly locate, retain and obtain a medical opinion as it was provided with a whole host of new information for treatment obtained in 2020, 2021 and 2022."); 13 ("But Eurpac is without sufficient time to obtain an IME because it was unaware that such a future medical expense was recommended by Plaintiff's physician.").

[6] This is unlike in *Yeti by Molly*, 259 F.3d at 1105, where the disclosures occurred only 28 days before trial.

[7] For example, at Plaintiff's first deposition, which was held on July 9, 2020, Defendant Eurpac Services asked her whether she had "any current appointments with Nevada Pain Care," and Plaintiff replied "yes" and that she believed her next appointment was the following month, in August 2020. ECF No. 55 at 23.

To address any prejudice Defendants may have suffered, the Court will reopen discovery to allow Defendants time to conduct an independent medical examination of Plaintiff to address her claim of future medical treatment and, if necessary, retain a new expert witness.[8]

### E.  Even if Plaintiff's untimely disclosures were not substantially justified or harmless, exclusion sanctions would be unwarranted.

Finally, even if the Court were to find that Plaintiff's untimely disclosures prejudiced Defendants and such prejudice could not be cured, the Court does not find that the five *Wendt* factors weigh in favor of imposing Rule 37(c)(1) exclusion sanctions, particularly in light of the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions. *See Nat'l R.R. Passenger Corp.*, 2016 WL 1573262, at *2; *see also Silvagni v. Wal-Mart Stores, Inc.,* 320 F.R.D. 237, 243 (D. Nev. 2017) ("Lesser sanctions and other measures are generally more appropriate than evidence preclusion when the disclosure is provided during the discovery period and the delay can be remedied during the existing discovery period or with a limited and brief extension of discovery.") (citations omitted). Additionally, allowing Plaintiff to rely on her untimely supplemental disclosures will not significantly delay resolution of this action given the case's current procedural posture. Nor would allowing Plaintiff to rely on her untimely supplemental disclosures interfere with the Court's management of this case moving forward. As noted above, Plaintiff's second supplemental disclosures, although untimely, were served before the initial expert disclosure deadline and the discovery cut-off date.

//
//
//
//
//
//
//

---

[8] To preempt any potential issues with prior initial and rebuttal expert disclosures, the Court will reopen expert discovery for all parties.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Defendant Eurpac Services, Inc.'s Motion to Strike (ECF No. 52) is GRANTED in part and DENIED in part consistent with this opinion.

**IT IS FURTHER ORDERED** that the parties are to meet and confer and file a joint amended Discovery Plan and Scheduling Order by April 14, 2023. The proposed DPSO should provide new deadlines for the independent medical examination, (initial and rebuttal) expert disclosures, dispositive motions, and joint pretrial order.

DATED: March 31, 2023.

```
                                        _____
                                        BRENDA WEKSLER
                                        UNITED STATES MAGISTRATE JUDGE
```